### CORLISS v. PULASKI COUNTY.

(Circuit Court, S. D. Illinois. June 13, 1901.)

JUDGMENT—MATTERS CONCLUDED—INVALIDITY OF MUNICIPAL BONDS.

A judgment rendered in an action on coupons from municipal bonds, adjudging the bonds void, is conclusive against a subsequent purchaser of such bonds, unless it is shown that he bought before maturity, and without notice of the judgment.

The case was tried before the court by written agreement without the intervention of a jury. The declaration is upon railroad aid bonds numbered 133, 134, 135, 136, 137, and 17, issued by said county in 1872, and certain coupons, cut and uncut, attached there-

to. Upon the trial, defendant introduced the record of the case of Post v. Pulaski Co. (C. C. A., 7th Cir., Oct. term, A. D. 1891) 1 C. C. A. 405, 49 Fed. 628.

George A. Sanders, for plaintiff.

L. M. Bradley and William A. Wall, for defendant.

HUMPHREY, District Judge. This is a suit on six railroad aid bonds issued by the county of Pulaski in 1872, and accompanying coupons. Certain of the coupons in question were declared upon in a former suit in this court, entitled Post v. Pulaski Co., 47 Fed. 282, and the coupons and the bonds from which they were cut, including the bonds in question, were declared void. This judgment was affirmed on writ of error (see 1 C. C. A. 405, 49 Fed. 628), and the plaintiff in this case, holding by, through, or under the plaintiff in the Post Case, cannot recover, as the matter is res judicata, and the former judgment is binding on the plaintiff here. The only way the plaintiff could relieve himself from this doctrine of res judicata would be by showing that he purchased the bonds and coupons for value, in good faith, without knowledge of the former judgment, and before the maturity thereof. There is no such evidence in the case. I am of opinion that upon the law and the evidence in this case the plaintiff cannot recover. The issues are found for the defendant. Judgment against the plaintiff for costs.